UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:06CV-291-R

MARK RUSSELL,                                                                                    PETITIONER

v.

UNITED STATE OF AMERICA,                                                              RESPONDENT

## MEMORANDUM OPINION

This matter comes before the Court on the Respondent's Motion to Dismiss (Docket #3). The Petitioner, Mark Russell ("Russell") has responded (Docket #4). This matter is now ripe for adjudication. For the following reasons, the Respondent's Motion to Dismiss is **GRANTED**.

## FACTUAL & PROCEDURAL BACKGROUND

The Petitioner was found guilty of devising a scheme to defraud various residential mortgage lenders by using false documents and borrower information. Russell was sentenced to eighteen (18) months in prison, three (3) years supervisory release, and ordered to pay $121,425 in restitution. On May 5, 2006, Russell filed notice of appeal to the United States Court of Appeals for the Sixth Circuit. On June 20, 2006, Russell filed a Motion for Relief for Sentencing under 28 U.S.C. §2255 and FRCP 60(b) claiming ineffective assistance of counsel, arguing that his attorney failed to present the Court with medical records concerning his poor health condition during sentencing. Russell claims that he has a serious and life-threatening condition, and that his physicians have stated that incarceration poses a substantial risk to his health, in particular, his heart.

## DISCUSSION

The United States of America ("Government") contends that Russell's Motion for Relief

should be dismissed because under normal circumstances, a federal district court does not review §2255 motions while a direct criminal appeal is pending. *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). However, courts have reviewed these motions when the defendant shows "extraordinary circumstances" warrant a review. *Id.* Extraordinary circumstances may include ineffective representation or mental and physical illness, depending on the facts surrounding the case. *U.S. v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). An ineffective assistance of counsel claim brought as a §2255 motion qualifies as an extraordinary circumstance if the relief sought by the defendant is not available on appeal. *U.S. v. DeCoster*, 487 F.2d 1197, 1205 (D.C. Cir. 1973). In regards to an illness claim brought as a §2255 motion, the defendant must put forward evidence that certain statements he may have made and/or pleas or agreements he entered into during the course of the trial, which may have been detrimental to him, were caused by the illness. *Fontaine v. U.S.*, 411 U.S. 213, 214-15 (1973).

In the instant matter, the Petitioner admits that he has directly appealed his sentence to the Sixth Circuit Court of Appeals, arguing ineffective assistance of counsel. As such, the ineffective assistance of counsel claim by the Petitioner does not amount to an extraordinary circumstance for purposes of a §2255 motion because Russell can seek relief for this claim on direct appeal.

In regards to his illness, though the Petitioner contends that his medical condition warrants this Court to address his §2255 motion at this time, his medical condition did not detrimentally effect the determinations made during the underlying criminal proceeding. The Petitioner does not assert that any of his statements made during the trial were caused by his illness. In his response, Russell contends that the Court should decide his motion because he is

ill; however, as argued by the Government, if the sentencing of Russell was a result of his attorney not providing effective assistance of counsel, the Petitioner will have the opportunity to address that matter on his direct appeal. The fact that Russell is ill at this juncture does not amount to an extraordinary circumstance. If his medical condition should have been considered during his sentencing, the Court of Appeals will address that issue upon review. This matter does not warrant a "duplicative review" because Russell has not demonstrated an extraordinary circumstance. Accordingly, the §2255 motion filed by the Petitioner does not amount to an extraordinary circumstance. The Court also notes that during sentencing, the Court was assured that the Bureau of Prisons had medical facilities sufficient to treat the Petitioner's medical issues.

## CONCLUSION

The Respondent's Motion to Dismiss is **GRANTED**.

An appropriate order shall issue.